UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM JAMES RAY, <br><br> Plaintiff, <br><br> v. <br><br> BRIAN ENGLISH, et al., <br><br> Defendants. | CAUSE NO. 3:25-CV-731-GSL-JEM |

OPINION AND ORDER

William James Ray, a prisoner without a lawyer, filed a complaint against sixteen defendants alleging that he has been subjected to unconstitutional conditions of confinement and retaliation while being housed in long-term administrative segregation. ECF 1. The complaint sought monetary compensation, an order prohibiting retaliation, and an order directing that Ray be transferred to another facility. ECF 1 at 5. Ray now seeks to leave to file an amended complaint against twenty defendants. ECF 8. The proposed amended complaint also seeks monetary compensation and injunctive relief. However, the amended complaint asks for an order prohibiting retaliation and an order *prohibiting* his transfer to another facility. ECF 8-1 at 5.

A plaintiff may amend his complaint once as a matter of course at this stage without the court's approval. Fed. R. Civ. P. 15(a). While the motion was unnecessary, it will be granted, and the clerk will be directed to file the proposed amended complaint.

However, the amended complaint is not ripe for screening. Ray was granted leave to proceed in forma pauperis and assessed an initial partial filing fee of $10.00 as

required by 28 U.S.C. § 1915(b). Ray has not yet paid the initial partial filing fee. *See Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) ("[T]he statutory formula therefore required him to prepay part of the filing fee before the district court considered the merits of the case in any fashion.") and *Martin v. United States*, 96 F.3d 853, 856 (7th Cir. 1996) (initial partial filing fee required before appellate review), and *Teague v. Mayo*, 553 F.3d 1068, 1071 (7th Cir. 2009) (discussing *Martin*'s applicability to district court screenings under 28 U.S.C. § 1915A).

Ray also filed an unsigned document he titled as a "Order to Show Cause for a Preliminary Injunction and A Temporary Restraining[.]" ECF 7. It is unclear is Ray intended this document to serve as a motion for preliminary injunction or temporary restraining order, or if he was instead tendering it as a proposed order. This court's local rules require a party seeking a temporary restraining order or preliminary injunction to file a separate motion. *See* N. Dist. Ind. L. R. 65-1. To the extent he intended this filing to be a motion, it is unsigned. Federal Rule of Civil Procedure 11(a) requires all filings be signed.

Furthermore, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Unlike when evaluating the allegations

2

in a complaint to determine whether they state a claim for permanent injunctive relief, in assessing the merits of a claim for a preliminary injunction, the court does not have to simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

Even if Ray's one-page document had been signed, Ray has not sustained his burden of demonstrating that he will suffer irreparable harm if the court does not issue an order against unspecified possible future retaliatory acts. Ray's opinion that there will be future retaliation requires far too much speculation to warrant a preliminary injunction. Likewise, he has not demonstrated he will suffer irreparable harm if the court does not issue an order prohibiting defendants from transferring Ray to another facility. This too is speculative. This is especially so where Ray's initial complaint requested an injunction *requiring* the defendants to transfer him to another facility. ECF 1.

For these reasons, the court:

(1) GRANTS the Motion for Leave to Amend Complaint (ECF 8);

(2) DIRECTS the clerk to file the proposed amended complaint (ECF 8-1) and exhibits (ECF 8-2);

(3) DENIES the unsigned document to the extent it was intended as a motion for a preliminary injunction (ECF 7); and

(4) STAYS this case until the initial partial filing fee has been paid and the amended complaint has been screened.

SO ORDERED on November 5, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT